IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL SAVALA | § | |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 4:23-cv-00387 |
| | § | |
| MARCELIN LOUVERSON, RYDER | § | |
| TRUCK RENTAL INC, AND FLC | § | |
| TRANSPORT LLC | § | |
| *DEFENDANTS* | § | |

## DEFENDANT MARCELIN LOUVERSON'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, MARCELIN LOUVERSON, by and through his counsel, filing his Original Answer to Plaintiff's Original Petition, and in support show as follows:

1.      **Discovery Control Plan:** Paragraph 1 of Plaintiff's Original Petition contains no factual allegations. In that regard, Defendant cannot admit or deny the assertions in Paragraph 1 of Plaintiff's Original Petition.

2.      **Parties:** Defendant are without knowledge sufficient to admit or deny the statements made in paragraph 2 with regard to Plaintiff's residence, but has no current information contradicting Plaintiff's claim of residence in Harris County, Texas.

3.      **Parties:** Defendant admits the allegation in paragraph 3 that Marcelin Louverson is a resident and citizen of Orlando, Florida and that his address is 6141 Raleigh St., Apt. 1018, Orlando, Florida 32818.

4.      **Parties:** Defendant admits the allegation in paragraph 4 that Ryder Truck Rental is a corporation that has been incorporated in Florida and has its principal office in Miami, Florida. In that regard, Ryder Truck Rental, Inc. is a citizen and resident of Florida.

1

5.      **Parties:** Defendant admits the allegation in paragraph 5 that FLC Transportation LLC's registered office is in Maumee, Ohio.  In that regard, FLC Transportation LLC is a citizen and resident of Ohio.

6.      **Jurisdiction and Venue:** Defendant cannot admit or deny that the amount in controversy is within the jurisdictional limits of Texas State District Court.  Defendant specifically denies Plaintiff's damage allegations.

7.      **Jurisdiction and Venue:** Defendant admits the allegations in paragraph 7 regarding conducting activities in the State of Texas and establishing minimum contacts with the State of Texas sufficient to establish jurisdiction.

8.      **Jurisdiction and Venue:**  Defendant admits that all or a substantial part of the alleged events or omissions giving rise to the lawsuit occurred in Harris County.  To the extent necessary, Defendant denies the remaining allegations in paragraph 8.

9.      **Facts:** Defendant admits to the allegation in paragraph 9 that there was a collision between a tractor trailer he was operating at that time and Plaintiff's car in Harris County, Texas on or about December 14, 2021.  Defendant denies the remaining allegations in paragraph 9.

10.      **Plaintiff's Claim of Negligence Against Marcelin Louverson:** Paragraph 10 of Plaintiff's Original Petition contains no factual allegations.  In that regard, Defendant cannot admit or deny the assertions in Paragraph 10 of Plaintiff's Original Petition.

11.      **Plaintiff's Claim of Negligence Action Against Marcelin Louverson:** Defendant denies the allegations in paragraph 11 of Plaintiff's Original Petition.

12.      **Plaintiff's Claim of Negligence Action Against Marcelin Louverson:** Defendant denies the allegations in paragraph 12 including all its subparts identified as A-I, of Plaintiff's Original Petition.

2

13. **Plaintiff's Claim of Negligence Against FLC Transport LLC – Vicarious Liability of FLC Transport LLC:** Defendant admits he was an employee of FLC Transport LLC and was working at the time of the accident alleged in paragraph VI.a.9 (sic). Defendant denies the remaining allegations in paragraph a.9 of Plaintiff's Original Petition.

14. **Plaintiff's Claim of Negligence Against FLC Transport LLC – Vicarious Liability of FLC Transport LLC:** Defendant admits the allegation in paragraph VI.a.10 (sic) that he was an employee of FLC Transport LLC and was authorized to operate the vehicle. Defendant denies the remaining allegations in paragraph VI.a.10.

15. **Plaintiff's Claim of Negligence Against FLC Transport LLC – Vicarious Liability of FLC Transport LLC:** Defendant admits he was an employee of FLC Transport LLC and was working at the time of the accident as alleged in paragraph VI.a.11 of Plaintiff's Original Petition.

16. **Plaintiff's Claim of Negligence Against FLC Transport LLC – Vicarious Liability of FLC Transport LLC:** Defendant denies the allegations in paragraph VI.a.12, of Plaintiff's Original Petition.

17. **Plaintiff's Claim of Negligence Against FLC Transport LLC – Negligent Training:** Defendant denies the allegations in paragraph VI.b.13 and all its subparts (A-F) contained in Plaintiff's Original Petition.

18. **Plaintiff's Claim of Negligence Against FLC Transport LLC –Negligent Training:** Defendant denies the allegations in paragraph VI.b.14 of Plaintiff's Original Petition.

19. **Plaintiff's Claim of Negligence Against FLC Transport LLC –Negligence Training:** Defendant denies the allegations in paragraph VI.b.15 of Plaintiff's Original Petition.

4856-0790-5375, v. 1

20. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Vicarious Liability of Ryder Truck Rental Inc:** Defendant denies the allegations in paragraph VI.a.16 of Plaintiff's Original Petition.

21. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Vicarious Liability of Ryder Truck Rental Inc:** Defendant denies the allegations in paragraph VI.a.17 of Plaintiff's Original Petition.

22. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Vicarious Liability of Ryder Truck Rental Inc:** Defendant denies the allegations in paragraph VI.a.18 of Plaintiff's Original Petition.

23. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Vicarious Liability of Ryder Truck Rental Inc:** Defendant denies the allegations in paragraph VI.a.19 of Plaintiff's Original Petition.

24. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Negligent Training:** Defendant denies the allegations in paragraph VI.b.20, and all its subparts (G-L) of Plaintiff's Original Petition.

25. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Negligent Training:** Defendant denies the allegations in paragraph VI.b.21 of Plaintiff's Original Petition.

26. **Plaintiff's Claim of Negligence Against Ryder Truck Rental Inc – Negligent Training:** Defendant denies the allegations in paragraph VI.b.22 of Plaintiff's Original Petition.

27. **Plaintiff's Claim of Negligence Against Defendants:** Defendant denies the allegations in paragraph VIII.23 of Plaintiff's Original Petition.

28. **Damages for Plaintiff Manuel Savala:** Defendant denies the allegations in paragraph IX.18 and all its subparts (A-M) of Plaintiff's Original Petition.

4856-0790-5375, v. 1

**29.** **Demand for Trial by Jury:** Defendant, Marcelin Louverson, agrees to a trial by jury as requested in paragraph X.19 of Plaintiff's Original Petition.

**30.** **Request for Initial Disclosure:** Paragraph XI.20 of Plaintiff's Original Petition contains no factual allegations. In that regard, Defendant cannot admit or deny the assertions in Paragraph XI.20 of Plaintiff's Original Petition.

**31.** **Notice of Intent to Use Discovery at Trial:** Paragraph XII.21 of Plaintiff's Original Petition contains no factual allegations. In that regard, Defendant cannot admit or deny the assertions in Paragraph 21 of Plaintiff's Original Petition. Further, Defendant, objects to Plaintiff's TRCP 193.7 Notice of Intent to Use Produced Documents as vague and overly broad because Plaintiff fails to identify specific documents. Instead, Plaintiff, generally refers to "documents Defendants have produced in response to Plaintiff's written discovery requests." TRCP 193.7 provides that a party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial unless - within ten days or a longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used - the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection. Rule 193.7 clearly reflects the intent that a party provide actual notice to the producing party of the documents it intends to use at trial. The ten-day period allowed for objection to authenticity (which period may be altered by the court in appropriate circumstances) does not run from the production of the material or information but from the party's actual awareness that the document will be used. Tex. R. Civ. P. 193.7 cmt. 7. The global statement in Plaintiff's "Notice" that it may use documents produced by all Defendants during discovery, any hearing, deposition, or trial is an improper attempt to circumvent the short objection period and it fails to provide actual and specific notice pursuant to Rule 193.7.

5

Defendants request that the Court strike Plaintiff's improper Rule 193.7 Notice because it does not comply with the Texas Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Additionally, and/or in the alternative, Defendant, Marcelin Louverson, would respectfully show that Plaintiff's alleged injuries and damages were caused or contributed to by the acts and/or omissions of Plaintiff, Manuel Savala, which were negligent and were the sole proximate cause, producing cause, a proximate cause and/or a new and independent intervening cause of the incident and the alleged damages to Plaintiff.

## PRAYER

Defendant, MARCELIN LOUVERSON, deny each and every allegation or prayer for relief not specifically addressed above. Defendant respectfully prays that Plaintiff take nothing by his cause of action, that Defendant recover its costs incurred, and for such other and further relief, both at law and in equity, to which Defendant may show themselves justly entitled.

Respectfully submitted,

**David L. Ortega**
State Bar No. 00791377
Telephone:  210-731-6353
Facsimile:  210-785-2953
Email:  dortega@namanhowell.com
**Erik L. Krudop**
State Bar No. 24027429
Telephone: 210-731-6434
Facsimile: 210-785-2910
Email:  ekrudop@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
10001 Reunion Place, Suite #600
San Antonio, Texas 78216
**ATTORNEY FOR DEFENDANT**
**MARCELIN LOUVERSON**

6

4856-0790-5375, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on this the _____ day of April 2023, to the following counsel of record:

Erik Firouzbakht
Firouzbakht Law Firm
2040 North Loop West, Ste 102
Houston, Texas 77018

_____
Erik L. Krudop

4856-0790-5375, v. 1